IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON B. CUMMINGS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-1164 |
| | : | |
| CITIZENS BANK, | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                                                          January 3, 2008

        Presently before the Court are Defendant's Motion to Dismiss Counts I, II, and IV of Plaintiff's Complaint (Docket No. 2), Plaintiff's response thereto (Docket No. 3), and Defendant's Reply (Docket No. 5). For the reasons stated below, Defendant's Motion to Dismiss is DENIED as to Count I and GRANTED as to Counts II and IV.

**I. BACKGROUND**

        This action arises out of an incident occurring on March 14, 2006, when Plaintiff, an African-American male and customer of Defendant Citizens Bank (the "Bank"), visited the Bank to conduct his customary business banking activity. After completing his transaction, Plaintiff attempted to exit the Bank when the security doors were activated in response to a customer having passed a bad check. (Compl. ¶ 4.) Plaintiff remained locked between the security doors for approximately three minutes while the Bank called and waited for the Philadelphia police to arrive. (Compl. ¶ 8.) During this time, an employee of the Bank yelled "don't let him out!", further implying that Plaintiff had engaged in criminal activity. (Compl. ¶ 7.) After the security doors were opened and Plaintiff was released, Plaintiff overheard the Bank

manager state that the doors were locked because someone had attempted to cash a bad check. (Compl. ¶ 9.) It was ultimately determined that the suspect was a white male and that Plaintiff had not been involved in any criminal activity. (Compl. ¶ 10.)

Plaintiff thereafter filed this four-count complaint alleging causes of action for Invasion of Privacy and False Light (Count I), Violation of 42 U.S.C. § 1981 (Count II), Unlawful Arrest and Detention (Count III), and Damages (Count IV). Defendant has now moved to dismiss Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). This motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to [the] plaintiff, [the] plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)) (citations omitted). A court must accept all of the plaintiff's allegations as true and draw all reasonable inferences in his favor. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

## III. DISCUSSION

With respect to Plaintiff's claim for Invasion of Privacy and False Light (Count I), Plaintiff has alleged sufficient facts to survive Defendant's Motion to Dismiss. Accordingly, Defendant's motion is denied as to Count I.

With respect to Plaintiff's claim that Defendant violated 42 U.S.C. § 1981 (Count II), Plaintiff has failed to state a claim upon which relief may be granted. "To establish a claim

2

under Section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2nd Cir. 1993).

There is no dispute that Plaintiff has satisfied the first element. Plaintiff is an African-American male. Accepting Plaintiff's allegations as true and drawing all inferences in Plaintiff's favor, the Court will assume that Plaintiff has satisfied the second element demonstrating Defendant's intent to discriminate on the basis of race. However, it is clear that Plaintiff cannot satisfy the third element requiring that the discrimination concern an activity enumerated in the statute, including the right to make and enforce contracts. As Defendant points out, the law is clear that once the contractual transaction has been completed, the subsequent detainment of an individual does not give rise to a discrimination claim under Section 1981. A Plaintiff must allege that he "was actually prevented, and not merely deterred, from making a purchase or receiving service after attempting to do so." Henderson v. Jewel Food Stores, Inc., No. 96-C-3666, 1996 WL 617165, at *3 (N.D. Ill. Oct. 23, 1996).

In the present matter, the facts clearly indicate that Plaintiff was not detained until he attempted to leave the Bank. (Compl. ¶ 4.) Plaintiff makes no allegations that the Bank preventing him from receiving service; rather the allegations focus entirely on his detainment after he had conducted his banking activity. Under such circumstances, the Bank could not have interfered with Plaintiff's right to make or enforce a contract in violation of Section 1981, as Plaintiff had already completed his transaction. Therefore, Defendant's motion is granted as to

Count II.

With respect to Plaintiff's claim of Damages (Count IV), Plaintiff concedes that a damage claim does not constitute an independent cause of action.  Plaintiff admits to have characterized damages as such simply for stylistic reasons.  Accordingly, Defendant's motion is granted as to Count IV.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is denied as to Count I and granted as to Counts II and IV.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON B. CUMMINGS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-1164 |
| | : | |
| CITIZENS BANK, | : | |
| Defendant. | : | |

## ORDER

          AND NOW, this 3rd day of January, 2008, upon consideration of Defendant's Motion to Dismiss Counts I, II, and IV of Plaintiff's Complaint (Docket No. 2), Plaintiff's Response thereto (Docket No. 3), and Defendant's Reply (Docket No. 5), it is hereby **ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss is **DENIED** as to **Count I** of Plaintiff's Complaint.

2. Defendant's Motion to Dismiss is **GRANTED** as to **Counts II** and **IV** of Plaintiff's Complaint.

                                              BY THE COURT:

                                              *s/ Ronald L. Buckwalter, S. J.*
                                              RONALD L. BUCKWALTER, S.J.